CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 05, 2026

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DILLON JAMES LINEKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:26-cv-00004 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NORTHWESTERN REGIONAL | ) | |
| JAIL AUTHORITY, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

On January 20, 2026, Plaintiff Dillon James Lineker filed a first amended complaint

("First Am. Compl.") [ECF No. 7]) asserting federal civil rights and state law claims against

Defendants Northwestern Regional Jail Authority ("NRJA"), Officer H. Williams, and Officer

J. McDonald. This matter is before the court on Officers Williams and McDonald's motion

for partial dismissal ("Officers' Mot." [ECF No. 12]) and NRJA's motion to dismiss ("NRJA

Mot." [ECF No. 17]). For the reasons stated below, the court will grant the motions.

## I.    BACKGROUND

This matter stems from events that allegedly occurred while Lineker was being booked

into the Northwestern Regional Adult Detention Center ("NRADC") in Winchester, Virginia.

(First Am. Compl. ¶ 4.) Defendant NRJA is responsible for the supervision, management, and

operation of the NRADC. (*Id.* ¶ 5.) Defendants Williams and McDonald are correctional

officers employed by NRJA and assigned to the NRADC. (*Id.* ¶¶ 6–7.) Lineker makes the

following factual allegations in his first amended complaint, which the court accepts as true

when analyzing the motions to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

Just after midnight on February 18, 2024, Lineker was arrested for public intoxication and transported to the NRADC for booking. (First Am. Compl. ¶¶ 8–9.) After arriving there, Lineker was placed in the custody of certain NRJA officers who handcuffed Lineker's hands behind his back and placed him in a room "face first against a wall." (*Id.* ¶¶ 10–11.) Lineker claims that, "although [he was] intoxicated," he "was cooperating with the NRJA [o]fficers' commands, including [by] lifting his right foot to allow his shoe to be untied and his socks to be removed." (*Id.* ¶ 12.)

After an officer attempted to remove Lineker's right shoe, Lineker "drunkenly stated that he should kick [the officer] in the head." (*Id.* ¶ 13.) In response, the officer told Lineker that he "should," to which Lineker replied, "I'm not retarded." (*Id.*) The officer then removed Lineker's right shoe and socks and "moved to the next foot." (*Id.* ¶ 14.) After another NRJA officer entered the room, Lineker began asking about certain cameras, demanded "the camera number," and screamed "now," all while Lineker's left foot was "in the air controlled by an NRJA [o]fficer." (*Id.* ¶¶ 15–16.) At this time, Officer Williams "pushe[d] [] Lineker's face into the wall," and Lineker "explain[ed] that he was just screaming." (*Id.* ¶ 17.) Lineker claims that during the time he was being held by the officers against the wall, he did not present an "actual physical threat to any officer." (*Id.* ¶ 18.)

Then, "[w]ithout warning, [Officer] Williams forcibly thr[ew] [] Lineker to the ground in a pseudo wrestling move." (*Id.* ¶ 19.) While Lineker was on the ground, Officer Williams "pressed [] Lineker's face into the concrete floor." (*Id.* ¶ 20.) According to Lineker, Officer Williams's use of force against Lineker was "grossly disproportionate to any threat he posed." (*Id.* ¶ 21.) Lineker further claims that Officer Williams "had multiple less intrusive means available to complete the pat-down and booking process[.]" (*Id.* ¶ 22.) Additionally, Lineker

- 2 -

alleges that Officer McDonald later "grabbed and held [] Lineker in a chokehold while he was restrained in a chair [] with his hands cuffed behind his back" and claims that the officer's actions had "no proper penological purpose." (*Id.* ¶ 24.)

Lineker filed his initial complaint on January 14, 2026, and filed his first amended complaint on January 20, 2026. (ECF. Nos. 1, 7.) In addition to claims arising under 42 U.S.C. § 1983 against Officers Williams and McDonald, Lineker asserts state-law battery claims against each Defendant. (First Am. Compl. ¶¶ 27–66.) On February 23, 2026, Officers Williams and McDonald filed a motion to dismiss Lineker's state-law claims and NRJA filed a motion to dismiss. (ECF Nos. 12, 17.) The motions have been fully briefed and are ripe for disposition.

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Generally, a statute of limitations argument is an affirmative defense not properly raised in a motion to dismiss pursuant to Rule 12(b)(6). *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, "if all facts necessary to the affirmative defense clearly appear on the face of the complaint," then a court may address the affirmative defense pursuant to Rule 12(b)(6). *Id.* (internal quotation marks and emphasis omitted).

### III.    ANALYSIS

In briefing accompanying their motions, Defendants each argue that Lineker's battery claims should be dismissed because they are time-barred. (Br. in Supp. Officer's Mot. at 2–3 [ECF No. 13]; Br. in Supp. NRJA Mot. at 14–15 [ECF No. 18].) NRJA also argues for the dismissal of Lineker's claim against it based on principles of sovereign immunity. (Br. in Supp. NRJA Mot. at 3–14.) Because the court agrees that Lineker's state-law claims are time-barred, it need not—and will not—address NRJA's sovereign-immunity argument.

In arguing that Lineker's state law claims are time-barred, Defendants assert that the claims are subject to Virginia Code § 8.01-243.2, which provides as follows:

> No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after [the] cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.

*Id.* As Defendants note, the events giving rise to Lineker's battery claims allegedly occurred on February 18, 2024, and he did not initiate this action until January 14, 2026, long after § 8.01-243.2's one-year limitation's period had run.

In response, Lineker does not argue that his state-law claims were brought within six months of him having exhausted administrative remedies. (*See* ECF Nos. 19, 20.) Nor does he

- 4 -

contest that the claims accrued on or about February 18, 2024, or argue that he is entitled to any equitable tolling of the limitations period. (*See id.*) Instead, Lineker argues that § 8.01-243.2 is not the appropriate statute of limitations. (ECF No. 19 at 2–3.) Lineker further argues that the claims are timely under Virginia Code § 8.01-243(A), which provides a two-year limitation period for personal injury claims. (*Id.* at 4.)

"For the one-year provision in [] § 8.01-243.2 to apply, the plaintiff must have been 'confined' at the time the cause of action accrued, and the cause of action must relate to [the] plaintiff's 'conditions of confinement.'" *Bing v. Haywood*, 283 Va. 381, 385 (2012). Lineker does not seriously contest whether he was confined when the acts at issue allegedly occurred.[1] (*See* ECF Nos. 19, 20). Instead, he argues that his battery claims do not relate to his then-conditions of confinement. (ECF No. 19 at 2–3.) Specifically, Lineker claims that the officers were "not imposing a condition of confinement," but rather "committing an independent tort" when they allegedly battered him. (*Id.* at 3.) The court disagrees.

As another court in this district recently noted, § 8.01-243.2 "applies to personal actions relating to conditions of confinement in a state or local correctional facility, including 'state law assault and battery claims.'" *Moss v. Trent*, No. 7:23-cv-00110, 2025 WL 2550605, at *19 (W.D. Va. Sept. 4, 2025) (quoting *Gemaehlich v. Johnson*, 599 F. App'x 473, 476 (4th Cir. 2014) (per curiam)) (internal citation omitted). And another court in this district previously held that battery claims arising out of a pretrial detainee's booking process are subject to § 8.01-243.2's limitations period. *Gemaehlich v. Johnson*, No. 7:12-cv-00263, 2013 WL 589234, at *1, 4 (W.D.

---

[1] Although Lineker briefly claims that he "was an arrestee being booked, not a person 'confined in a facility' under [§] 8.01-243.2" (ECF No. 19 at 4), this is a distinction without a difference. In *Bing*, the Virginia Supreme Court held that a pre-trial arrestee's battery claims arising from the intake process were subject to § 8.01-243.2's one-year limitations period. 283 Va. at 383, 385–88.

Va. Feb. 14, 2013), *aff'd* 599 F. App'x at 476. And in *Bing v. Haywood*, the Supreme Court of Virginia applied the statute to battery claims analogous to those at issue here. 283 Va. at 383, 385–88. The *Bing* case involved a plaintiff who alleged that a warrantless cavity search conducted during the intake process constituted a battery under Virginia law. *Id.* at 383. In finding the plaintiff's battery claim to be time-barred, the *Bing* court concluded that the cavity search related to the plaintiff's conditions of confinement. *Id.* at 387.

Lineker attempts to distinguish this case from *Bing* by arguing that "the nature of [his] battery claims is fundamentally different than a lawful strip-search during intake." (ECF No. 19 at 2.) Specifically, Lineker claims that the officers "used gratuitous physical force against him" that "had nothing to do with conducting the booking process," and asserts that § 8.01-243.2 does not apply to "discrete acts of officer misconduct that happen to occur inside a jail." (*Id.* at 2–3.)

At the threshold, the court disagrees with Lineker that his battery claims had nothing to do with the intake process, as the facts giving rise to those claims occurred during intake. Moreover, Lineker's argument that § 8.01-243.2 does not apply to acts of officer misconduct that "happen to occur inside a jail" is inconsistent with prior decisions of federal and Virginia courts. *See Billups v. Carter*, 268 Va. 701, 705 (2004) (assault and battery claim based on Virginia Department of Corrections employee's alleged sexual misconduct involving inmate barred by § 8.01-243.2); *Moss*, 2025 WL 2550605, at *1–4, 19 (assault and battery claims arising out of correctional officers' performance of a strip search on arrestee, deploying OC spray, and restraining arrestee barred by § 8.01-243.2); *Thompson v. Clarke*, No. 7:17-cv-00111, 2018 WL

4764294, at *1, 10 (W.D. Va. Sept. 30, 2018) (assault claims based on correctional officer's deployment of OC spray on inmate barred by § 8.01-243.2).[2]

Accordingly, the court concludes that Lineker's state-law claims are subject to § 8.01-243.2's one-year limitation's period. His state law claims are therefore time-barred and must be dismissed.

## IV.    CONCLUSISON

For the reasons stated above, the court will grant Officers Williams and McDonald's motion for partial dismissal and NRJA's motion to dismiss. Lineker's state-law battery claims will be dismissed, and his sole remaining claims will be those brought under 42 U.S.C. § 1983 against Officers Willliams and McDonald.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 5th day of June, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Lineker brings his battery claim against NRJA under Virginia Code § 8.01-42.6, which permits certain plaintiffs to bring vicarious liability claims against employers whose employees are alleged to have committed tortious acts. (*See* First Am. Compl. ¶¶ 53–66.) In his response to NRJA's motion to dismiss, Lineker argues that his reliance on § 8.01-42.6 in asserting his claim against NRJA makes the claim "governed by the general two-year period applicable to personal injury actions, not the abbreviated one-year period crafted for confined prisoners." (ECF No. 20 at 6.). But Lineker cites no authority for this argument. Moreover, as Lineker's claim against NRJA arises from his alleged battery, the court does not see how it would not relate to his conditions of confinement for the reasons stated above.